IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QIANG ZHANG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-1189-L-BN |
| | § | |
| KRISTI NOEM, Secretary, | § | |
| U.S. Dep't of Homeland Security, | § | |
| ET AL., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION TO APPOINT COUNSEL**

Petitioner, detained at Prairieland Detention Center in this district at the time of filing, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his detention. *See* Dkt. No. 3. United States District Judge Sam A. Lindsay referred this habeas case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 1.

Petitioner filed a motion to appoint counsel, *see* Dkt. No. 4, which the Court denied without prejudice, *see* Dkt. No. 6.

Petitioner has now filed a financial affidavit, *see* Dkt. No. 13, and a renewed motion to appoint counsel, *see* Dkt. No. 14. Having reviewed the filings, the Court DENIES the renewed motion to appoint counsel [Dkt. No. 14] without prejudice for the following reasons.

"There is no absolute right to an attorney in [a civil] cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010).

So a litigant in such a case "has no right to the automatic appointment of counsel." *Morgan v. Richards*, No. 21-10931, 2023 WL 6121775, at *2 (5th Cir. Sept. 19, 2023) (per curiam) (citing *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)); *see also Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] *pro se* litigant, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))).

And a court is only "required to appoint counsel for an indigent [litigant] in a civil lawsuit [if] there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam) (citing *Naranjo*, 809 F.3d at 799).

"[F]actors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel" include "1. the type and complexity of the case; 2. the [litigant's] ability adequately to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the [parties and] the court … by 'shortening the trial and assisting in just determination.'" *Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

The Court typically considers the appointment of counsel under statutory authority: 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."

Although Petitioner has filed a financial affidavit, Petitioner has not shown that exceptional circumstances require the appointment of counsel under Section 1915(e)(1) at this time, where the only fact that he presents through the motion is that he attempted to obtain assistance from Texas Rio Grande Legal Aid. *See* Dkt. No. 14 at 1.

And, so, while the current motion to appoint counsel is denied, the Court could consider appointment of counsel again, at a subsequent stage of this proceeding, at which point it would consider whether the facts of the case through that stage show that exceptional circumstances warrant appointment of counsel. *See, e.g.*, *Morgan*, 2023 WL 6121775, at *2 ("indicat[ing] that appointment of counsel may be required at later stages of litigation even if it was not appropriate at the motions stage" and "that the district court should [consider] the facts anew at each stage, especially the trial stage" (citations omitted)).

But a prerequisite for such a renewed motion under Section 1915(e)(1) would be verified financial information.

SO ORDERED.

DATED: August 20, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE